919 F.2d 734
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene Timothy AFFLERBACH, Defendant-Appellant.
 No. 90-5451.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Dec. 7, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-89-39-5)
 William E. Martin, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Linda K. Teal, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gene Timothy Afflerbach appeals the sentence imposed for his conviction of maintaining a place for the manufacture and distribution of marihuana. 21 U.S.C.A. Sec. 856(a)(1) (West Supp.1990). He asserts the district court erred by increasing his base offense level by 2 for possession of a firearm during the commission of his offense. See U.S.S.G. Sec. 2D1.8(b)(1). His sole contention is that it is clearly improbable that firearms found in his mobile home were connected with the growing of marihuana in his garage.
 
 
 2
 In May 1989 law enforcement officers conducted a search of premises owned by Afflerbach. The search revealed a marihuana-growing operation located in a garage 250 feet from Afflerbach's mobile home. In the mobile home the officers found thirteen firearms, including a loaded semi-automatic assault-type rifle leaning against the wall in the master bedroom. In this bedroom the officers also found a small amount of marihuana, a set of scales, and two boxes of plastic baggies.
 
 
 3
 On September 12, 1989, Afflerbach pled guilty to maintaining a place for the purpose of manufacturing and distributing a controlled substance. Under the sentencing guidelines Afflerbach's base offense level was 16. U.S.S.G. Sec. 2D1.8(a). The district court decreased the offense level by 2 for acceptance of responsibility, U.S.S.G. Sec. 3E1.1, and increased the level by 2 for Afflerbach's possession of firearms during the commission of the offense, U.S.S.G. Sec. 2D1.8(b)(1). The resulting offense level of 16 and criminal history category I produced a sentencing guidelines range of 21-27 months. The district court sentenced Afflerbach to 21 months imprisonment.
 
 
 4
 Afflerbach contends the adjustment for possession of a firearm was inappropriate because it was clearly improbable that the firearms were related to the marihuana-growing operation. He asserts that the firearms were in the mobile home for the protection of himself, his sister and his children, and for recreational purposes. He also asserts that the distance between the garage and his mobile home indicates that there is no connection between the firearms and his offense.
 
 
 5
 We review the findings of the district court pursuant to the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). A loaded semi-automatic rifle was found in Afflerbach's bedroom near marihuana, scales, and two boxes of plastic baggies. Twelve other firearms, consisting of rifles, shotguns, and handguns, were also found in Afflerbach's mobile home, and a loaded .45 caliber pistol was found in his car. Afflerbach's mobile home and garage are located on the same parcel of land, approximately 250 feet apart. We find no error in the determination by the district court that Afflerbach possessed firearms in connection with his marihuana-growing operation. Accordingly, we affirm Afflerbach's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 6
 AFFIRMED.